UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MEHDI BELGADA, HORMOZ AKHUNDZADEH, and ADANIEL DZIEKAN, *individually and on behalf of all other similarly situated individuals*,<br>        *Plaintiffs*,<br><br>        v.<br><br>HY'S LIVERY SERVICE, INC., ROBERT LEVINE, MATTHEW LEVINE, and SHELLEY LEVINE,<br>        *Defendants*. | No. 3:18-cv-177 (VAB) |

**RULING AND ORDER ON DISCOVERY DISPUTES AND PRE-TRIAL SCHEDULE**

On December 11, 2018, the Court held a telephonic status conference to address several pending matters in this wage and hour action. Minute Entry, dated Dec. 11, 2018, ECF No. 91. There are currently several pending discovery disputes, as well as a motion for conditional certification of a collective action for Plaintiffs' Fair Labor Standards Act ("FLSA") claims, a motion for Rule 23 class certification of Plaintiffs' state law claims, and a motion for summary judgment by Defendants, as well as a motion for an extension of time to respond to the pending summary judgment motion.

For the reasons that follow, the Court **GRANTS** further discovery to the extent it assists in resolving a threshold legal issue, **DENIES** any other discovery without prejudice to renewal, and **GRANTS** an extension of time and modifies the current scheduling order to permit Plaintiffs more time to respond to the pending summary judgment motion and to allow for additional discovery related to the threshold legal issue.

## I. STANDARD OF REVIEW

Under the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action . . . the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1).

But "district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 136 S. Ct. 1885, 1889 (2016). Indeed, "[a] trial court enjoys wide discretion in its handling of pre-trial discovery . . . ." *Cruden v. Bank of N.Y.*, 957 F.2d 961, 972 (2d Cir. 1992); *see Gen. Houses v. Marloch Mfg. Corp.*, 239 F.2d 510, 514 (2d Cir. 1956) ("The order of examination is at the discretion of the trial judge . . . .").

## II. DISCUSSION

While both sides recognize that there are significant outstanding discovery issues, Defendants also argue that they are entitled to summary judgment on Plaintiffs' federal claims, regardless of any further discovery, because of the Second Circuit's recent decision, *Munoz-Gonzalez v. D.L.C. Limousine Serv.*, 904 F.3d 208 (2d Cir. 2018), suggesting that Defendants operate a "taxicab" business exempt from overtime claims under the FLSA. *See* Defs.' Mem. in Support of Mot. for Summ. J., dated Nov. 27, 2018, ECF No. 80, at 8–9; *see also Munoz-Gonzalez*, 904 F.3d at 214 (holding that the plain meaning of "taxicab" in 29 U.S.C. § 213(b)(17) is "(1) a chauffeured passenger vehicle; (2) available for hire by individual members of the general public; (3) that has no fixed schedule, fixed route, or fixed termini.").

If there is no viable FLSA claim, then the remaining state law claims may no longer be appropriate for this Court's review. *See* 28 U.S.C. § 1368(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) [claims that form part of the same case or controversy as the claims within the court's original jurisdiction] if . . . (3) the district court has dismissed all claims over which it has original jurisdiction."); *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 83 (2d Cir. 2018) ("Under this prong, in a great many cases, the evaluation will usually result in the dismissal of the state-law claims.") (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

As a result, in the interest of judicial economy and consistent with this Court's inherent authority, for the time being, any additional discovery should be focused on the threshold legal question regarding the taxicab exemption and whether the Second Circuit's decision in *Munoz-Gonzalez* is applicable here.

The deadline for discovery, scheduled to end on December 21, 2018, therefore will be extended, but, at this time, only to the extent necessary to resolving this threshold legal issue. *See Metcalf v. Yale Univ.*, No. 15-cv-1696 (VAB), 2017 WL 6614255, at *2 (D. Conn. Dec. 27, 2017) ("Under this [proportionality] standard, this Court must determine whether the discovery sought is proportional to the needs of the case.").

Accordingly, the Court rules as follows on the outstanding discovery disputes:

**First,** as to the sufficiency of Plaintiffs' interrogatory responses, raised by Defendants on August 28, 2018, Defs.' Submission re: Telephonic Status Conference, dated Aug. 28, 2018, ECF No. 54, the Court will not order Plaintiffs to supplement the allegedly insufficient responses at this time. Any additional responses to these interrogatories do not appear likely to yield any information material to the taxicab exemption issue.

**Second,** as to the production of drivers' logs by Plaintiffs, raised by Defendants on August 28, 2018 and fully briefed on September 28, 2018, *see id.*; Pls.' Reply Brief, dated Sept. 28, 2018, ECF No. 65; Defs.' Reply, dated Sept. 28, 2018, ECF No. 64, the Court will not order Plaintiffs to produce additional driver logs at this time. Obtaining driver logs for every single Plaintiff, as opposed to a representative sample of such Plaintiffs, does not appear likely to yield any information material to the taxicab exemption issue.

**Third,** as to a second Rule 30(b)(6) deposition, raised by Plaintiffs on October 31, 2018 and fully briefed on December 4, 2018, *see* Pls.' Mot. for Leave to Take 30(b)(6) Deposition, dated Oct. 31, 2018, ECF No. 69; Defs.' Mem. in Opposition, dated Nov. 20, 2018, ECF No. 77; Reply, dated Dec. 4, 2018, ECF No. 84, because an additional 30(b)(6) deposition may yield information relevant to the taxicab exemption issue, the Court **GRANTS** Plaintiffs' motion for leave to take a second Rule 30(b)(6) deposition. At this time, given the limited scope of the current inquiry, the relevant subject matter of this Rule 30(b)(6) deposition does not extend to the financial assets and income of any of the Defendants or the identity of any of the owners of the underlying business, Hy's Livery Service, Inc. *See* Pls.' Response to Defs.' Request for Status Conference, dated Dec. 5, 2018, ECF No. 85, at 2.

**Fourth,** as to the privilege issues related to the deposition of Steven Zubrinsky, the Court **DENIES** any such discovery without prejudice to renewal after the threshold legal issue has been addressed. There is nothing before the Court suggesting that this issue relates to or otherwise affects Plaintiffs' ability to address the taxicab exemption issue.

**Fifth,** as to the sufficiency of Defendants' production of GPS Daily Reports, *see* Pls.' Response to Defs.' Request for Status Conference, dated Dec. 5, 2018, ECF No. 85, at 3, the Court **DENIES** any such discovery without prejudice to renewal after the threshold legal issue

has been addressed. There is nothing before the Court suggesting that this issue relates to or otherwise affects Plaintiffs' ability to address the taxicab exemption issue.

**Sixth,** as to the sufficiency of Defendants' production of e-mails, *see* Pls.' Response to Defs.' Request for Status Conference, dated Dec. 5, 2018, ECF No. 85, at 3, the Court **DENIES** any such discovery without prejudice to renewal after the threshold legal issue has been addressed. There is nothing before the Court suggesting that this issue relates to or otherwise affects Plaintiffs' ability to address the taxicab exemption issue.

As a result of these rulings, the scheduling order is amended as follows:

- The deadline for discovery—in accordance with the limitations and rulings set forth above—is extended to **January 11, 2019**.

- The Court **GRANTS** Plaintiffs' motion for an extension of time. Plaintiffs' time to respond to Defendants' motion for summary judgment is extended to **January 18, 2019**; Defendants' reply is due by **February 1, 2019**.

- The hearing on the motions for conditional and class certification, currently scheduled for **January 29, 2019**, is continued.

- A hearing on Defendants' pending motion for summary judgment will be held on **February 11, 2019** at **3:00 p.m.**

**SO ORDERED** this 14th day of December, 2018 at Bridgeport, Connecticut.

    /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge