# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **MEHDI BELGADA, HORMOZ AKHUNDZADEH, and DANIEL DZIEKAN, individually and on behalf of all other similarly situated individuals,**<br>     **Plaintiffs**<br><br>v.<br><br>**HY'S LIVERY SERVICE, INC., ROBERT LEVINE, MATTHEW LEVINE, and SHELLEY LEVINE,**<br>     **Defendants** | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION NO.:<br><br>3:18-cv-00177<br><br><br><br><br><br><br><br>JANUARY 18, 2019 |

## PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL

In accordance with F.R.C.P. 41(a)(2), named Plaintiffs Mehdi Belgada, Hormoz Akhundzadeh and Daniel Dzieken ("Plaintiffs") hereby move the Court for dismissal of their FLSA claims against the Defendants Hy's Livery Service, Inc, Robert Levine, Matthew Levine, and Shelley Levine ("Defendants"), and any remaining claims for lack of supplemental jurisdiction without prejudice to refiling. In support of this motion, the Plaintiffs represent as follows:

1. Plaintiffs in this matter filed a two-count complaint on January 31, 2018, alleging violations of the FLSA, and state claims under the Connecticut Wage Act [Doc. 1].

2. Defendants filed an Answer on April 13, 2018 [Doc. 25]. In their Answer, Defendants did not specifically reference the taxicab exemption.

3. On or September 19, 2018, the Second Circuit issued the decision *Munoz Gonzalez v. D.L.C Limousine Serv.*, 904 F.3d 208, 212 (2d Cir.), in which it for the first time interpreted the taxicab exemption.

4. On November 27, 2018, Defendants filed a motion for summary judgment [Doc. 78], making several arguments, arguing for the first time the applicability of the taxicab exemption to FLSA claims.

5. The Court issued an Order on December 14, 2019 [Doc. 92 at 3], stating as follows:

> **If there is no viable FLSA claim, then the remaining state law claims may no longer be appropriate for this Court's review.** See 28 U.S.C. § 1368(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) [claims that form part of the same case or controversy as the claims within the court's original jurisdiction] if . . . (3) the district court has dismissed all claims over which it has original jurisdiction."); *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 83 (2d Cir. 2018) ("Under this prong, in a great many cases, the evaluation will usually result in the dismissal of the state-law claims.") (*citing Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

[emphasis added].

6. The Court then limited remaining discovery to the taxicab exemption issue and amended the scheduling order as follows:

> The Court **Grants** Plaintiffs' motion for an extension of time.  Plaintiffs' time to respond to Defendants' motion for summary judgment is extended to **January 18, 2019.**

7. After a conference held on January 10, 2019 [Doc. 102], Plaintiffs raised the issue of the scope of the present briefing before the Court.  It was Plaintiffs' counsel's understanding from this conference that the Court had limited the issues to be briefed by Plaintiffs to the taxicab exemption issue rather than all issues raised in Defendants' motion for summary judgment.  Defense counsel appeared to share this understanding:  "The Court's limitation of the issues to be briefed by Plaintiffs to the taxicab exemption issue—rather than all issues raised in Defendants' Motion for Summary Judgment—should make it easier,

2

not harder, for Plaintiffs to meet this deadline." Defendants' Memorandum in Opposition to Plaintiff's Motion for Briefing Schedule Order [Doc. 105].

8. As such, Plaintiffs' current deadline for response on the threshold taxicab exemption issue is January 18, 2019 [Doc. 92 at 5].

9. In light of the Court's Order dated December 14, 2018 [Doc. 92], with the understanding that the Court is taking up the threshold issue of the FLSA taxicab exemption at this time, and will not be hearing argument on Connecticut State law claims at this time, Plaintiffs hereby request voluntary dismissal of the FLSA claims with prejudice and without costs to any party.

10. Should the Court grant Plaintiffs' motion for voluntary dismissal of FLSA claims, thereby dismissing all claims over which the Court has original jurisdiction, Plaintiffs also request that state law claims under the Connecticut Wage Act be dismissed without prejudice to refiling in another forum consistent with the aforementioned authority cited by this Court.

                                            Plaintiffs,

By:    */s/ Michael T. Petela*
         Michael T. Petela
         Fed Bar No.: ct28251
         The Hayber Law Firm, LLC
         900 Chapel Street, 11th Floor
         New Haven, CT 06510
         (203) 691-6491
         (860) 218-9555 facsimile
         mpetela@hayberlawfirm.com
         Attorney for the Plaintiffs

## CERTIFICATION OF SERVICE

    I hereby certify that on this **18th day of January 2019**, a copy of **Plaintiffs' Motion for Voluntary Dismissal** was filed electronically [and service made by mail to anyone unable to accept electronic filing]. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system [or by mail for anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

                                   */s/ Michael T. Petela*
                                   Michael T. Petela