UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MEHDI BELGADA, HORMOZ AKHUNDZADEH, and ADANIEL DZIEKAN, *individually and on behalf of all other similarly situated individuals*,<br>    *Plaintiffs*,<br><br>         v.<br><br>HY'S LIVERY SERVICE, INC., ROBERT LEVINE, MATTHEW LEVINE, and SHELLEY LEVINE,<br>    *Defendants*. | No. 3:18-cv-177 (VAB) |

**RULING AND ORDER ON MOTION FOR VOLUNTARY DISMISSAL AND CROSS-MOTION FOR ATTORNEY'S FEES**

On January 18, 2019, Mehdi Belgada, Hormoz Akhundzadeh, and Adaniel Dziekan ("Plaintiffs") moved to voluntarily dismiss their Fair Labor Standards Act ("FLSA") claims against Hy's Livery Service, Inc., Robert Levine, Matthew Levine, and Shelley Levine ("Defendants") with prejudice. Plaintiffs' Motion for Voluntary Dismissal, dated Jan. 18, 2019 ("Pls.' Mot."), ECF No. 108. Plaintiffs also moved for the Court to dismiss the remaining state law claims against Defendants without prejudice, for want of jurisdiction, if the FLSA claims are dismissed. *Id.*

On January 23, 2019, Defendants opposed the motion and cross-moved for attorney's fees. Defendants' Memorandum in Opposition to Pls.' Mot. and Cross-Motion For Attorney's Fees, dated Jan. 23, 2019 ("Defs.' Opp."), ECF Nos. 111–12.

For the reasons that follow, the Court **GRANTS** the motion for voluntary dismissal and **DISMISSES** with prejudice Plaintiffs' FLSA claims, **DISMISSES** without prejudice the remaining state law claims for want of jurisdiction, and **DENIES** the motion for attorney's fees.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

On January 31, 2018, Mr. Belgada, Mr. Akhundzadeh, and Mr. Dziekan, currently or formerly employed by Defendants, sued Defendants, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and the Connecticut Minimum Wage Act ("CMWA"), CONN. GEN. STAT. § 31-58 *et seq.*[1] Complaint, dated Jan. 31, 2018 ("Compl."), ECF No. 1. Plaintiffs alleged, *inter alia*, that Defendants required them to work through their meal breaks but nevertheless deducted this time from their wages. *Id.* ¶¶ 28–33. Plaintiffs allege that this practice resulted in unpaid overtime wages under the FLSA and the CMWA. *Id.* ¶¶ 35–36, 52–53.

On April 13, 2018, Defendants answered the Complaint, alleging multiple affirmative defenses, including (1) that Plaintiffs are "workers exempt from coverage of the Fair Labor Standards Act"; and (2) that their claims "are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupment or offsets permissible under the FLSA or CWA." Answer, dated Apr. 13, 2018, ECF No. 25, at 7.

The parties subsequently embarked on several contentious months of discovery for which they sought the Court's intervention. *See, e.g.*, ECF Nos. 46–49, 53–54, 56, 59–66. Discovery

---

[1] The parties have variously referred to the applicable state statutes—codified in Title 31, Chapter 558 of the Connecticut General Statutes—as the "Connecticut Wage Act" and the "Connecticut Minimum Wage Act." Chapter 558 does not itself provide a short title for the law, but a separate state statute requiring employers to furnish records refers to these sections, CONN. GEN. STAT. § 31-58 *et seq.*, as the "Connecticut Minimum Wage Act." CONN. GEN. STAT. § 31-13a. Research on the caselaw suggests that "Connecticut Minimum Wage Act" is the preferred usage among Connecticut and federal courts. *Compare* Search Results for "Connecticut Minimum Wage Act" in Jurisdictions: Connecticut & 2nd Circuit, WESTLAWNEXT, https://next.westlaw.com (Feb. 14, 2018) (96 cases), *with* Search Results for "Connecticut Wage Act" in Jurisdictions: Connecticut & 2nd Circuit, WESTLAWNEXT, https://next.westlaw.com (Feb. 14, 2018) (17 cases). For purposes of this opinion, the Court will use "Connecticut Minimum Wage Act" in referring generally to the applicable state statutes.

was originally scheduled to close on December 21, 2018. Scheduling Order, dated Apr. 27, 2018, ECF No. 31.

On October 15, 2018, Plaintiffs moved for conditional certification of an opt-in collective action under 29 U.S.C. § 216(b). Motion for Conditional Certification, dated Oct. 15, 2018, ECF No. 66. On November 5, 2018, Defendants opposed conditional certification. Memorandum in Opposition to Motion for Conditional Certification, dated Nov. 5, 2018, ECF No. 70.

On November 6, 2018, the Court scheduled a hearing on the motion for conditional certification. Notice of E-Filed Calendar, dated Nov. 6, 2018, ECF No. 71.

On November 15, 2018, Plaintiffs moved for class certification under Rule 23 of the Federal Rules of Civil Procedure with respect to their Connecticut Minimum Wage Act claims. Motion to Certify Class, dated Nov. 15, 2018, ECF No. 73.

On November 27, 2018, Defendants moved for summary judgment, Motion for Summary Judgment, dated Nov. 27, 2018 ("Mot. Summ. J."), ECF No. 78, and raised a threshold legal issue with respect to Plaintiffs' federal claims. Defendants' Memorandum in Support of Mot. Summ. J., dated Nov. 27, 2018 ("Defs.' Summ. J. Mem."), ECF No. 80, at 6–7.

Specifically, Defendants sought summary judgment on Plaintiffs' federal claims, regardless of any further discovery, because of the Second Circuit's recent decision, *Munoz-Gonzalez v. D.L.C. Limousine Serv.*, 904 F.3d 208 (2d Cir. 2018), suggesting that Defendants operate a "taxicab" business exempt from overtime claims under the FLSA. *See Munoz-Gonzalez*, 904 F.3d at 214 (holding, as a matter of first impression, that the plain meaning of "taxicab" in 29 U.S.C. § 213(b)(17) is "(1) a chauffeured passenger vehicle; (2) available for hire by individual members of the general public; (3) that has no fixed schedule, fixed route, or fixed termini."); Defs.' Summ. J. Mem. at 6 ("Defendants are under no obligation to pay Plaintiffs

overtime because they are exempt pursuant to 29 U.S.C. § 213(b)(17) . . . . just as in *Munoz-Gonzalez*, the Hy's vehicles have no fixed schedule, route, or termini. Accordingly, the taxicab exemption applies to Plaintiffs.").

On December 6, 2018, Defendants opposed Rule 23 class certification. Memorandum in Opposition to Motion to Certify Class, dated Dec. 6, 2018, ECF No. 88.

On December 11, 2018, the Court held a telephonic status conference to address several then-pending discovery disputes, as well as the timing of the Court's consideration of the outstanding motions. Minute Entry, dated Dec. 11, 2018, ECF No. 91.

On December 14, 2018, consistent with its inherent authority to manage its docket with a view toward the efficient and expedient resolution of cases, the Court limited further discovery to the taxicab exemption issue and whether the Second Circuit's decision in *Munoz-Gonzalez* applied to Plaintiffs' claims. Ruling and Order on Discovery Disputes and Pre-Trial Schedule, dated Dec. 14, 2018, ECF No. 92, at 3–5. The Court also decided to address the motion for summary judgment as to the FLSA claims, and set a hearing on the motion for February 11, 2019. *Id.* at 5.

The Court's Order noted that, if it granted summary judgment to Defendants on Plaintiffs' federal clams, "then the remaining state law claims may no longer be appropriate for this Court's review." *Id.* at 3 (citing 28 U.S.C. § 1368(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) [claims that form part of the same case or controversy as the claims within the court's original jurisdiction] if . . . (3) the district court has dismissed all claims over which it has original jurisdiction."); *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 83 (2d Cir. 2018) ("Under this prong, in a great many

4

cases, the evaluation will usually result in the dismissal of the state-law claims.") (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

On January 8, 2019, Defendants moved for a discovery conference as to the scope of a planned Rule 30(b)(6) deposition scheduled on January 11, 2018, as Plaintiffs disputed whether the scope was limited to the taxicab exemption issue. Motion for Discovery Conference, dated Jan. 8, 2019, ECF No. 99.

On January 10, 2019, the Court held that discovery conference, and clarified that discovery was indeed limited to the taxicab exemption issue under the terms of the Court's December 14, 2018 Order. Minute Entry, dated Jan. 10, 2019, ECF No. 102.

Later that day, Plaintiffs moved to extend the briefing schedule for their response to Defendants' summary judgment motion. Motion for Briefing Schedule, dated Jan. 10, 2019, ECF No. 104.

On January 11, 2019, Defendants opposed that motion. Memorandum in Opposition, dated Jan. 11, 2019, ECF No. 105.

That same day, the Court denied Plaintiffs' motion, as the amended scheduling order issued in December had appropriately addressed the issues raised in Plaintiffs' motion. Order, dated Jan. 11, 2019, ECF No. 106.

On January 18, 2019, Plaintiffs moved for voluntary dismissal of the FLSA claims "with prejudice and without costs to any party," and for dismissal of the state law claims "without prejudice to refiling in another forum" for want of supplemental jurisdiction. Pls.' Mot. ¶¶ 9–10.

On January 23, 2019, Defendants opposed the motion, contending that they "are entitled to costs upon a dismissal with prejudice," and that Plaintiffs have "failed to show that they are entitled to dismissal without prejudice[.]" Defs.' Opp. at 1 (citations omitted). Defendants also

cross-moved that the Court condition any dismissal of the CMWA claims without prejudice on Plaintiffs paying Defendants "attorney's fees for work likely to be duplicated in a state court action." *Id.* at 1–2 (citations omitted). In the alternative, Defendants "urge the Court to either dismiss the [CMWA] Claim with prejudice, or retain supplemental jurisdiction" over the remaining CMWA claims. *Id.* at 2.

On February 8, 2019, Plaintiffs replied to Defendants' opposition and opposed the cross-motion. Plaintiffs' Reply, dated Feb. 8, 2019 ("Pls.' Reply"), ECF No. 117.

On February 11, 2019, Defendants replied to Plaintiffs' opposition to the cross-motion. Defendants' Reply, dated Feb. 11, 2019 ("Defs.' Reply."), ECF No. 118.

That same day, the Court held a telephonic hearing on the parties' motions, reserving decision as to both. Minute Entry, dated Feb. 11, 2019, ECF No. 120.

Following the hearing, Plaintiffs submitted a notice of supplemental authority in response to Defendants' reply. Notice of Supplemental Authority, dated Feb. 11, 2019, ECF No. 119.

## II.  STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 41(a)(1)(A)(i), a plaintiff may voluntarily dismiss an action without a court order before an opposing party serves an answer or motion for summary judgment. FED. R. CIV. P. 41(a)(1)(A)(i). Once an answer or motion for summary judgment has been served, however, a plaintiff must seek a court order for dismissal. FED. R. CIV. P. 41(a)(2).

Under Federal Rule of Civil Procedure 41(a)(2), a Court may grant a voluntary dismissal on "terms that the court considers proper," FED. R. CIV. P. 41(a)(2), but "[v]oluntary dismissal without prejudice is . . . not a matter of right." *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990).

### III. DISCUSSION

#### A. Dismissal of the FLSA Claim

"In determining whether to grant a motion to dismiss pursuant to Rule 41(a)(2), a court considers (1) the plaintiff's diligence in bringing the motion, (2) any undue vexatiousness on the plaintiff's part, (3) the extent to which the suit has progressed, (4) the duplicative expense of relitigation, and (5) the adequacy of the plaintiff's explanation for the need to dismiss." *Baiul v. NBC Sports*, 708 F. App'x 710, 713 (2d Cir. 2017) (citing *Zagano*, 900 F.2d at 14). "These factors are not necessarily exhaustive and no one of them, singly or in combination with another, is dispositive." *Kwan v. Schlein*, 634 F.3d 224, 230 (2d Cir. 2011). "In addition, dismissal without prejudice is improper 'if the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit.'" *Baiul*, 708 F. App'x at 714 (quoting *Kwan*, 634 F.3d at 230).

Approximately seven weeks after the motion for summary judgment was filed, and approximately one month after the Court set a schedule for briefing the threshold legal question raised by that motion, Plaintiffs now seek to dismiss their FLSA claims, recognizing that continued litigation of their FLSA claim would likely be a waste of both parties' resources, as well as judicial resources. *See* Pls.' Reply at 3 ("Rather than press these arguments and in consideration of the Courts' previous rulings isolating the 'threshold' issue, Plaintiffs elected to save the Parties the time expense of litigating the issue when the Plaintiffs' claims appeared more properly in State court.").

While Plaintiffs could have acted sooner, the Court finds that Plaintiffs have not been lax in bringing this motion. This voluntary dismissal also is not the result of "undue vexatiousness" on the Plaintiffs' part. In fact, the reason for voluntary dismissal is simple (thus, also addressing

the "adequacy of the plaintiff's explanation for the need to dismiss" prong of this analysis): given recent Second Circuit precedent, Plaintiffs' FLSA claims may no longer be viable. Significantly, in terms of "the extent to which the suit has progressed," discovery had not closed when this issue first arose and Defendants sought summary judgment. *See* Scheduling Order, dated Apr. 27, 2018, ECF No. 31 (setting Dec. 21, 2018 discovery deadline).

Finally, on the issue of "the duplicative expense of relitigation," while there may be additional expense caused by this dismissal because the state law claims can be re-litigated, there will be no duplicative expense caused by dismissing the federal claims with prejudice as they cannot be re-litigated.[2] Overall, Defendants have failed to demonstrate any "legal prejudice other than the mere prospect of a second lawsuit."

Indeed, Defendants mainly focus not on whether the Second Circuit's recent decision (of September 2018) in *Munoz-Gonzalez* warrants dismissal with prejudice of the FLSA claims, but whether they are prevailing parties entitled to costs, which they assert total $6,687.08.[3] Defs.' Opp. at 2. The answer is no.

Under Federal Rule of Civil Procedure 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). The Supreme Court has recognized that this Rule 54(d)(1) "codifies a venerable presumption that prevailing parties are entitled to costs." *Marx v.*

---

[2] Significantly, as noted by its counsel at oral argument, Defendants' arguments for summary judgment on the state law claims primarily rely on precedents under federal law. *See* Defs.' Summ. J. Mem. at 8 (arguing the FLSA's standards apply to Defendants' state law claims because the meaning of "required or permitted to work" in the CMWA's definition of hours worked is "the same as under the FLSA because '[t]he Connecticut Supreme Court has indicated that, in interpreting the CMWA, federal precedent interpreting analogous provisions of the FLSA can be used.'") (quoting *Lassen v. Hoyt Livery, Inc.*, 120 F. Supp. 3d 165, 171 (D. Conn. 2015) (citing *Roto-Rooter Servs. Co. v. Dep't of Labor*, 219 Conn. 520, 528 n.8 (1991)). Thus, additional research in support of a similar motion for summary judgment in Connecticut Superior Court may not be necessary.

[3] At this time, Defendants have not provided documentation of those costs, but state that they will be detailed in a bill of costs. Defs.' Opp. at 2.

*Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013) (footnote omitted). But the Court also recognized that "[n]otwithstanding this presumption, the word 'should' makes clear that the decision whether to award costs ultimately lies within the sound discretion of the district court." *Id.* However, "[i]n light of the general rule, when a prevailing party is denied costs, a district court must articulate its reasons for doing so." *Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001), abrogated on other grounds by *Bruce v. Samuels*, 136 S. Ct. 627 (2016).

"The losing party bears the burden of showing that costs should not be imposed." *Bagwell v. World Wrestling Entm't*, No. 3:16-cv-1350 (JCH), 2018 WL 4697301, at *1 (D. Conn. Jan. 22, 2018) (citing *Giuffre Hyundai, Ltd. v. Hyundai Motor Am.*, 574 F. App'x 30, 31 (2d Cir. 2014))

Plaintiffs argue that Defendants are not entitled to costs because, if the Court declines to exercise supplemental jurisdiction over the state law claims, Defendants may still be subject to damages under the Connecticut Minimum Wage Act for liability arising from the same allegations; as a result, Plaintiffs argue that "Defendants' 'victory' is a technical one" that does not qualify them as a prevailing party." Pls.' Reply at 2 (citing *Warner Bros. v. Dae Rim Trading, Inc.*, 877 F.2d 1120, 1126 (2d Cir. 1989) ("A party's success on a claim that is 'purely technical or *de minimis*' does not qualify him as a 'prevailing party.'").[4]

Defendants argue that the Second Circuit has held that "the defendant is a prevailing party when a plaintiff requests a Rule 41(a)(2) dismissal with prejudice." Defs.' Opp. at 2 (citing *Carter v. Inc. Vill. of Ocean Beach*, 759 F.3d 159, 166 (2d Cir. 2014)). But in *Carter* "the

---

[4] The "technical or de minimis" language in *Warner Bros.*, however, is inapposite, as that case analyzed prevailing party status in the context of statutory awards of attorney's fees under the Copyright Act, not Rule 54(d)(1). *See Warner Bros.*, 877 F.2d at 1126 ("Viewed in the light of the litigation as a whole, neither Warner's nor Dae Rim's success was sufficiently significant to mandate an award of attorneys' fees.") (citation omitted).

9

voluntary dismissal of some claims, coupled with the grant of summary judgment dismissing the claims that remain" made the defendants prevailing parties; as the Second Circuit recognized there, "the victory for the County Defendants was total," and the underlying claims were "from the beginning, 'frivolous, unreasonable, or without foundation.'" *Id.*

Here, Defendants' "victory" would not be a "total" one. Given the difference between the FLSA and Connecticut law, at least with respect to the taxicab exemption,[5] Plaintiffs could succeed on these claims on facts not wholly different from what was dismissed here under the FLSA. As a result, it would be premature to consider this a "total" victory and award costs.

An award of costs therefore is not warranted.

Accordingly, Plaintiffs' motion for voluntary dismissal of their FLSA claims, without costs and with prejudice, is granted.

### B. Dismissal of Connecticut Minimum Wage Act Claims

Having determined that all federal claims over which the Court had original jurisdiction should be dismissed, the Court may decline to exercise supplemental jurisdiction over Plaintiffs' state-law claims. 28 U.S.C. § 1367(c)(3); *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("[A] district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'") (quoting 28 U.S.C. § 1367(c)(3)).

"Once a district court's discretion is triggered under § 1367(c)(3), it balances the traditional 'values of judicial economy, convenience, fairness, and comity' in deciding whether to exercise jurisdiction." *Kolari*, 455 F.3d at 122 (quoting *Carnegie-Mellon Univ. v. Cohill*, 484

---

[5] *Compare* 29 U.S.C. § 213(b)(17) ("The provisions of section 207 of this title shall not apply with respect to . . . any driver employed by an employer engaged in the business of operating taxicabs . . . ."), *with* CONN. GEN. STAT. § 31-76i(h) ("The provisions of sections 31-76b ["Overtime pay: Definitions"] to 31-76j, inclusive, shall not apply with respect to . . . (h) any person employed as a taxicab driver by any employer engaged in the business of operating a taxicab, if such driver is paid forty per cent or more of the fares recorded on the meter of the taxicab operated by him . . . .").

U.S. 343, 350 (1988) and citing *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 446–47 (2d Cir. 1998). "In weighing these factors, the district court is aided by the Supreme Court's additional guidance in *Cohill* that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'" *Id.* (quoting *Cohill*, 484 U.S. at 350 n.7). As the Second Circuit recently emphasized, however, "[w]hen § 1367(c)(3) applies, the district court must still meaningfully balance the supplemental jurisdiction factors" of judicial economy, convenience, fairness, and comity before declining to exercise supplemental jurisdiction. *Catzin*, 899 F.3d at 86.

Plaintiffs urge the Court to dismiss the state law claims, without prejudice to refiling in another forum, for lack of supplemental jurisdiction, Pls.' Mot. at 1, 3, emphasizing the importance of federal courts avoiding needless decisions of state law "'both as a matter of comity and to promote justice between the parties.'" Pls.' Reply at 7 (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). Plaintiffs add that "comity should weigh heavily here as there is no Connecticut state law meal break case on point which either party has cited to wit, and Connecticut state courts have a strong interest in setting precedent in matters of first impression under state law." *Id.*

Defendants argue that the Court should maintain supplemental jurisdiction, insisting that the motion for summary judgment, which they have briefed, would not require significant additional work by Plaintiffs. Defs.' Opp. at 8. They also argue that Plaintiffs' state law claims primarily rest on "a few legal issues" which they contend have been settled by the Second Circuit. *Id.* ("Plaintiffs' claims rest on a few legal issues, chiefly whether Hy's reference to a federal regulation in its policy served to abrogate the interpretation of that regulation by the

11

Second Circuit, and whether Plaintiffs being responsible for a vehicle and available should a change of schedule or an emergency occur means they were working through all their meal breaks regardless of their actual activities. A trio of Second Circuit cases—*Reich v. S.N.E.T. Corp.*, 121 F.3d 58, 64 (2d Cir. 1997); *Singh v. City of New York*, 524 F.3d 361 (2d Cir. 2008); and *Perkins v. Bronx Lebanon Hosp. Ctr.*, 715 F. App'x 103, 104 (2d Cir. 2018)—resolves these issues."). Defendants thus contend that Plaintiffs' state law claims are "closely tied to questions of federal policy" and thus warrant the exercise of supplemental jurisdiction. Defs.' Reply at 6 (citing *Gibbs*, 383 U.S. at 727 ("There may, on the other hand, be situations in which the state claim is so closely tied to questions of federal policy that the argument for exercise of pendent jurisdiction is particularly strong.")).

      The Court disagrees.

      First, the state law claims' viability does not necessarily turn on "whether Hy's reference to a federal regulation in its policy served to abrogate the interpretation of that regulation by the Second Circuit." Defs.' Opp. at 8. Rather, their viability rests on Connecticut's taxicab exemption, which differs from FLSA's taxicab exemption, as noted above. *See supra* at n.5. Indeed, while the first clause of the CMWA taxicab exemption mirrors the FLSA's taxicab exemption, its second clause sets out an additional element: "if such driver is paid forty per cent or more of the fares recorded on the meter of the taxicab operated by him[.]" CONN. GEN. STAT. § 31-76i(h).

      Second, while Connecticut courts may "frequently look to FLSA case law in deciding" CMWA issues, as Defendants assert, this reliance on federal precedent should not be construed as an alternative basis for federal court jurisdiction. In fact, the Connecticut Supreme Court only suggests that Connecticut courts are "aided by federal precedent respecting the meaning and

scope of" analogous FLSA provisions, *Roto-Rooter Servs. Co. v. Dep't of Labor,* 219 Conn. 520, 528 n.8 (1991), not that Connecticut courts should have Connecticut laws interpreted by federal courts, unless the federal court otherwise has jurisdiction over the case.

The scope of Connecticut's taxicab exemption does not appear to have been addressed by any Connecticut state court. Connecticut state courts therefore should have the first opportunity to do so. *See Kolari*, 455 F.3d at 124 ("We have repeatedly held that a district court particularly abuses its discretion when it retains jurisdiction over state-law claims raising unsettled questions of law following dismissal of all original-jurisdiction claims.") (collecting cases); *Seabrook v. Jacobson*, 153 F.3d 70, 72 (2d Cir. 1998) ("Where a pendent state claim turns on novel or unresolved questions of state law . . . principles of federalism and comity may dictate that these questions be left for decision by the state courts. This is particularly true if the federal claim on which the state claim hangs has been dismissed.").

The Court therefore declines to exercise supplemental jurisdiction over the remaining state law claims and dismisses Plaintiffs' CMWA claims for want of jurisdiction, without prejudice to refiling in state court.

### C. Motion for Attorney's Fees

As the Second Circuit has noted, declination of supplemental jurisdiction does not necessarily confer prevailing party status on a defendant unless the state law claims truly cannot be refiled in state court. *See Carter*, 759 F. 3d at 166 ("Other courts have ruled that a declination to exercise supplemental jurisdiction is insufficient to confer prevailing party status on a defendant, since those claims could later be refiled. In the circumstances of this case, however, a state court had dismissed the state law claims on the pleadings before the district court resolved the motion for attorney's fees in the federal case. Accordingly, there was no chance that these

claims would be refiled, and the defendants are properly considered prevailing parties on these claims.") (citing *Avery v. First Resolution Mgmt. Corp.,* 568 F.3d 1018, 1024 (9th Cir. 2009)).

Here, the state law claims may be refiled in state court, as noted above.

Accordingly, Defendants are not prevailing parties entitled to attorney's fees for the dismissed FLSA claims.

IV.   **CONCLUSION**

For the reasons explained above, the Court **GRANTS** the motion for voluntary dismissal and **DISMISSES** with prejudice Plaintiffs' FLSA claims, **DISMISSES** without prejudice the remaining CMWA claims for want of jurisdiction, and **DENIES** the motion for attorney's fees.

The Clerk of the Court is respectfully directed to enter judgment for Defendants on Plaintiffs' Fair Labor Standards Act claims only and close this case.

**SO ORDERED** this 14th day of February, 2019 at Bridgeport, Connecticut.

    /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge