UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MEHDI BELGADA, HORMOZ
AKHUNDZADEH, and ADANIEL
DZIEKAN, *individually and on behalf of all
other similarly situated individuals*,
  *Plaintiffs*,

v.

HY'S LIVERY SERVICE, INC., ROBERT
LEVINE, MATTHEW LEVINE, and
SHELLEY LEVINE,
  *Defendants*.

No. 3:18-cv-177 (VAB)

**RULING ON MOTION FOR RECONSIDERATION**

On February 20, 2019, Hy's Livery Service, Inc., Robert Levine, Matthew Levine, and Shelley Levine ("Defendants") moved for partial reconsideration of the Court's February 14, 2019 Ruling and Order. Defendants' Motion for Reconsideration of Court's Decision Denying Costs, dated Feb. 20, 2019 ("Defs.' Mot."), ECF No. 123. Specifically, Defendants ask the Court to reconsider its determination that Defendants were not prevailing parties entitled to costs from Mehdi Belgada, Hormoz Akhundzadeh, and Adaniel Dziekan ("Plaintiffs") as a result of the voluntary dismissal of Plaintiffs' claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq. Id.*

For the reasons that follow, the Court **DENIES** Defendants' motion for reconsideration.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

Familiarity with the facts and prior proceedings, summarized in the Court's February 14, 2019 Ruling and Order, is assumed. *See* Ruling and Order on Motion for Voluntary Dismissal and Cross-Motion for Attorney's Fees, dated Feb. 14, 2019 ("Ruling & Order"), ECF No. 121.

On February 14, 2018, the Court granted Plaintiffs' motion to voluntarily dismiss their FLSA claims with prejudice.). *See* Ruling & Order at 7–8 ("[T]he reason for voluntary dismissal is simple . . . given recent Second Circuit precedent, Plaintiffs' FLSA claims may no longer be viable.").[1] Having determined that all federal claims over which the Court had original jurisdiction should be dismissed, the Court declined to exercise supplemental jurisdiction over Plaintiffs' remaining state-law claims. *Id.* at 13. The Court also determined that Defendants were not prevailing parties with respect to the dismissed FLSA claims and thus declined to award them costs under Rule 54(d)(1) of the Federal Rules of Civil Procedure. *Id.* at 8–10. Finally, the Court denied Defendants' cross-motion for attorney's fees for the dismissed FLSA claims. *Id.* at 13–14.

On February 20, 2019, Defendants moved for reconsideration of the Court's decision that Defendants were not prevailing parties with respect to the dismissed FLSA claims. Defs.' Mot.

On March 13, 2019, Plaintiffs opposed reconsideration. Plaintiffs' Objection to Defs.' Mot., dated Mar. 13, 2019, ECF No. 124.

## II. STANDARD OF REVIEW

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted); *see, e.g.*, *Lawyer v. Cota*, No. 18-1136-cv, 2019 WL 1466936, at *2 (2d Cir.

---

[1] That Second Circuit decision suggested that Defendants operate a "taxicab" business exempt from overtime claims under the FLSA. *See Munoz-Gonzalez v. D.L.C. Limousine Serv.*, 904 F.3d 208, 214 (2d Cir. 2018) (holding, as a matter of first impression, that the plain meaning of "taxicab" in 29 U.S.C. § 213(b)(17) is "(1) a chauffeured passenger vehicle; (2) available for hire by individual members of the general public; (3) that has no fixed schedule, fixed route, or fixed termini.").

2

Apr. 2, 2019) ("Defendants-Appellees argued below that the district court was bound by Second Circuit precedent to apply the corrected affidavit doctrine and determine whether Cota's probable cause affidavit still supported a finding of probable cause when the false statements were removed from the affidavit. But the district court did not apply the corrected affidavit doctrine in adjudicating Defendants-Appellees' motion to dismiss. The district court therefore overlooked controlling precedent, giving Chief Judge Crawford grounds to grant the motion for reconsideration.") (footnote and citations omitted).

"Reconsideration is not intended for the court to reexamine a decision or the party to reframe a failed motion." *Fan v. United States*, 710 F. App'x 23, 24 (2d Cir. 2018) (citing *Questrom v. Federated Dep't Stores, Inc.*, 192 F.R.D. 128, 130 (S.D.N.Y. 2000); *accord Shrader*, 70 F.3d at 257 ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.").

### III. DISCUSSION

Defendants argue that the Court's decision "references only the facts of *Carter v. Inc. Vill. of Ocean Beach*, 759 F.3d 159, 165 (2d Cir. 2014), and not the legal standard set forth therein." Defs.' Mot. at 1. "Had the Court applied the *Carter* standard to the facts of the present case, it would have concluded as many other District Courts have, that defendants are prevailing parties when some counts are dismissed with prejudice and others are dismissed without prejudice, provided there is a material alteration of the legal relationship of the parties." *Id.* (quoting *Carter*, 759 F.3d at 165); *see id.* at 2 ("The standard . . . is whether a party gained 'a material alteration of the legal relationship of the parties.' Total victory is not the *sine qua non* of prevailing party status. This Court did not apply the material alteration standard in its ruling

3

here.") (quoting *Buckhannon & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001)) (citation omitted).

The Court disagrees.

The Court engaged with Defendants' arguments about *Carter*, but rejected them. *See* Ruling & Order at 9–10 ("Defendants argue that the Second Circuit has held that 'the defendant is a prevailing party when a plaintiff requests a Rule 41(a)(2) dismissal with prejudice.' But in *Carter* 'the voluntary dismissal of some claims, coupled with the grant of summary judgment dismissing the claims that remain' made the defendants prevailing parties; as the Second Circuit recognized there, 'the victory for the County Defendants was total,' and the underlying claims were 'from the beginning, 'frivolous, unreasonable, or without foundation.'") (quoting *Carter*, 759 F.3d at 166).

As *Carter* and the other decisions noted by Defendants were briefed during the prior motion and considered by the Court, Defendants have failed to present the Court with any "controlling decisions or data" it overlooked. *Shrader*, 70 F.3d at 257. Defendants simply wish to "relitigate an issue already decided."[2] *Id.* They therefore have failed to satisfy the strict standard for reconsideration.

---

[2] Defendants also make no new argument about the facts of *Carter* and, on the law, argue again that the Second Circuit's decision in *Carter* went further than it did. But even though the Second Circuit recognized that the dismissal with prejudice there resulted in a "material alteration" necessary for the awarding of costs under Rule 54 of the Federal Rules of Civil Procedure and attorney's fees under 42 U.S.C. § 1988, the Second Circuit still proceeded to analyze "whether the voluntary dismissal of some claims, coupled with the grant of summary judgment dismissing the claims that remain, makes the County Defendants prevailing parties," *Carter*, 759 F.3d at 166. Defendants' motion for reconsideration thus conflates the Second Circuit's holding with dicta. *See Barclays Capital Inc. v. Theflyonthewall.com, Inc.*, 650 F.3d 876, 899 (2d Cir. 2011) ("It is axiomatic that appellate judges cannot make law except insofar as they reach a conclusion based on the specific facts and circumstances presented to the court in a particular appeal. Subordinate courts and subsequent appellate panels are required to follow only these previous appellate legal 'holdings.'"); *see also* Judith M. Stinson, *Why Dicta Becomes Holding and Why It Matters*, 76 BROOK. L. REV. 219, 222 (2010) ("In contrast to the difficult task of determining a case's holding, it is often easy to locate language in an opinion that, on its face, supports a particular position, even when the case itself does not stand for that proposition.") (footnote omitted).

Significantly, district courts retain the discretion to deny costs to prevailing parties. *See* Ruling & Order at 10; *see also Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013) ("Notwithstanding this presumption [that prevailing parties are entitled to costs], the word 'should' makes clear that the decision whether to award costs ultimately lies within the sound discretion of the district court.") (citing *Taniguchi v. Kan Pacific Saipan, Ltd.*, 566 U.S. 560, 565 (2012) ("Federal Rule of Civil Procedure 54(d) gives courts the discretion to award costs to prevailing parties.")). Because Plaintiffs could still succeed on their claims under state law upon remand, the Court's use of discretion here was particularly appropriate. *See Carter*, 759 F.3d at 166 (recognizing that "a state court had dismissed the state law claims on the pleadings before the district court resolved the motion for attorney's fees in the federal case" and "the state law claims against the County Defendants were frivolous for the same reason that the federal law claims were frivolous: the County Defendants had nothing to do with the alleged improper termination and the defamation underlying Plaintiff's Complaint.").

### IV. CONCLUSION

For the reasons explained above, the Court **DENIES** Defendants' motion for reconsideration.

**SO ORDERED** at Bridgeport, Connecticut this 10th day of May, 2019.

                                                    /s/ Victor A. Bolden
                                                  Victor A. Bolden
                                                  United States District Judge